# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES KOPAITICH,

      Plaintiff,

v.                                                ACTION NO. 2:10cv166

MICHAEL J. ASTRUE,

      Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Title II and Title XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed June 14, 2010. The undersigned recommends that Defendant's Motion to Dismiss pursuant to Federal Rule of Procedure 41(b) be GRANTED.

## I. Procedural Background

Plaintiff James Kopaitich filed applications for a period of disability and DIB (R. 65-69),[1] and for SSI (R. 70-75), alleging that he had been disabled since July 1, 2006, due to "heart attack,

---

[1] Page citations are to the administrative record (ECF No. 7).

stress attack, [and] anxiety." (R. 95.) The Commissioner denied Plaintiff's application initially (R. 45), and upon reconsideration. (R. 46, 54-58.) Plaintiff received an administrative hearing on July 31, 2008 (R. 27-44), and the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claim on September 29, 2008. (R. 8-18). On February 5, 2010, the Appeals Council denied Plaintiff's request for review (R. 1-4), which rendered the ALJ's decision the final decision of the Commissioner.

Plaintiff filed the instant action for judicial review pursuant to 42 U.S.C. § 405(g) on April 12, 2010, and Defendant filed an answer on June 11, 2010. Plaintiff submitted an affidavit of poverty, and the Court granted Plaintiff's application to proceed in forma pauperis. This action was referred to the undersigned by order of reference filed June 14, 2010.

On June 16, 2010, the undersigned entered an Order directing Plaintiff to file a motion for summary judgment with memorandum supporting his contentions and containing a statement of undisputed facts as described in Rule 56(B) of the Local Rules of the Eastern District of Virginia by July 16, 2010. On July 27, 2010, Defendant filed a Motion to Dismiss (ECF No. 11) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. At the same time, Defendant sent Plaintiff a Notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the steps which must be taken to avoid dismissal of the case. Plaintiff failed to respond, or file any document with the court.

On September 3, 2010, the Plaintiff was ordered to show cause why the undersigned should not recommend to the United States District Court Judge that his Complaint be dismissed for failure to prosecute or to comply with the Rules and Order of the Court. Plaintiff was ordered to file a response to the order on or before October 3, 2010.

On October 1, 2010, Plaintiff submitted a document which appears to be in response to the

show cause order. Plaintiff asserts he will "show cause, by subpoena of cardiologist Mehran Moussavian D.O. and Aola P. Tessier M.D. that show I've been disabled until recently because of Benadryl was able to slow my sensors in my brain that sent constricting arteries & rapid heart beat signals." (ECF No. 15.) Plaintiff further stated he could not get representation, but wanted his day in court. Id.

On January 25, 2011, the undersigned entered an order explaining that Plaintiff could file a motion for summary judgment without representation, and providing a copy of the local rule pertaining to summary judgment. The order further noted that any decision would be based on the documents contained in Plaintiff's Official Administrative Record, and subpoenas would not be authorized. Finally, Plaintiff was ordered to file a motion for summary judgment by February 25, 2011, or his case would be submitted to a United States District Judge for dismissal.

Plaintiff has failed to file a motion for summary judgment, and the Court has received no further documents from Plaintiff.

## II. Analysis

Plaintiff was initially ordered to file a Motion for Summary Judgment by July 16, 2010, by order entered June 16, 2010. On January 25, 2011, following Plaintiff's inarticulate response to a show cause order, Plaintiff was ordered to file a motion for summary judgment by February 25, 2011. Plaintiff filed no response to the order entered January 25, 2011.

Plaintiff has failed to prosecute this case or comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## III. Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Complaint (ECF No. 11) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be

DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

**IV. <u>Review Procedure</u>**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 3, 2011

4

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James Kopaitich
715 Goose Creek Ct.
Virginia Beach, VA   23462


Lawrence R. Leonard, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA   23510


                                        Fernando Galindo, Clerk

                             By _____
                                        Deputy Clerk

                                        March     , 2011